## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MIRANDA CARMOUCHE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00637-O-BP** |
| | § | |
| **WELDON MEADOWS FORT WORTH** | § | |
| **HOMEOWNERS ASSOCIATION,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is plaintiff Miranda Carmouche's Complaint (ECF No. 1), filed on June 20, 2025. This case was referred to the undersigned pursuant to Special Order No. 3-251 on that same day. ECF No. 4. On June 24, 2025, the undersigned ordered Ms. Carmouche to "file a response containing a written statement of her position concerning this Court's Show Cause Order, complete with citations of authorities on which Plaintiff relies and enough facts to establish that the Court has subject-matter jurisdiction over this case" and to file an amended complaint "in compliance with the pleading requirements of Federal Rule of Civil Procedure 8(a), as explained and clarified by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Local Civil Rules." ECF No. 6 at 3. The deadline for Ms. Carmouche to file these documents was July 8, 2025. *Id.* When she did not file the documents by that deadline, the Court *sua sponte* extended the deadline to July 28, 2025. ECF No. 8. Ms. Carmouche filed her response to the Court's June 24, 2025 order on July 21, 2025. ECF No. 9. Because it does not appear that the Court has subject-matter jurisdiction over this case, the

undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case **without prejudice** for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*,

2

138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

This case involves a dispute between Ms. Carmouche and her homeowners' association. The Complaint does not assert federal question jurisdiction because it does not provide facts that implicate any matters of federal law. Neither does the Complaint assert jurisdiction based on diversity of citizenship. The Complaint lists a Fort Worth, Texas address for Ms. Carmouche, and it is likely that she is a Texas citizen. ECF No. 1 at 1. Although she does not provide an address for the defendant, the Notice of Trustee's Sale attached to the Complaint states that the address for the Weldon Meadows (Fort Worth) Homeowners' Association, Inc., is c/o Real Time Resolutions, Inc., 1349 Empire Central Drive, Suite 1300, Dallas, Texas 75247. *Id.* at 7. If the defendant also is a citizen of Texas, then there is no diversity of citizenship jurisdiction. And even if there were, it is not apparent that the amount in controversy exceeds $75,000. Under these circumstances, subject-matter jurisdiction appears to be lacking under either 28 U.S.C. § 1331 or § 1332. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** to the right of plaintiff to file it in the appropriate state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

   **SIGNED** on July 22, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE